## State Bank of Freeport v. Oscar Norton, and Joel B. Whitehead, Assignee.

1.  FRAUD—*Must Be Proved.*—Fraud in the execution of a judgment note must be proved by a preponderance of the evidence. A contract can not be set aside when the evidence is evenly balanced.

**Order Vacating a Judgment by Confession.**—Trial in the Circuit Court of Winnebago County; the Hon. CHARLES E. FULLER, Judge, presiding. Appeal by the judgment plaintiff. Heard in this court at the May term, 1898. Order reversed with a finding of facts. Opinion filed September 26, 1898.

### STATEMENT.

On September 4, 1897, the State Bank of Freeport recovered a judgment by confession in the Winnebago Circuit Court in vacation against Oscar Norton for $3,515 and costs, and execution was issued thereon, but not levied. On September 13, 1897, Oscar Norton made an assignment to Joel B. Whitehead for the benefit of creditors. At the next term of the Circuit Court the assignee and Norton entered their motion to quash the execution and vacate the judgment. This motion was heard, and an order was entered annulling and vacating the judgment and quashing the execution, and adjudging that the State Bank of Freeport pay the costs of the suit. This is an appeal from that order.

The facts in this case, except as to what occurred at the signing of the note in judgment, are substantially the same

as in the case of State Bank of Freeport v. Seymour A. Blake et al., *supra*, in which we file an opinion this day, and to which opinion and the statement preceding it we here refer. The affidavits presented upon the hearing of the motion in the two cases were mostly duplicates. Oscar Norton was one of the members of the firm of Blake, Norton & Co. and "Bank of Durand;" and after Antrim had obtained from Blake the judgment note for $3,500 put in judgment in that case, he went to Oscar Norton and obtained from him the $3,500 judgment note upon which the judgment in this case was entered. This $3,500 Norton judgment note was evidently intended to apply upon the $5,500 note of the firm which would be due in two days. Antrim did not surrender any note to Oscar Norton, and the conversation between them at the giving of this note was not the same as that between Antrim and Blake; but in other respects the record and the points made against and in support of the judgment are substantially the same as in the Blake case.

WILLIAM MARSHALL, attorney for appellant.

A. D. EARLY, attorney for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Oscar Norton testified that Antrim came into the store where he was working on September 3d and told him Blake had signed a note for $3,500, and asked him to do the same, and promised him the note would not be crowded; and that without reading the note or knowing its contents, but trusting in Antrim, and having confidence Antrim would work no imposition upon him, and believing it was a simple ordinary promissory note, he signed the note on which judgment was entered in this case; and that if he had realized it was a judgment note, or that by it his property could be quickly taken from him and appellant given an advantage and priority over his other creditors, he would not have given it;

and that Antrim intended to deceive and did deceive him. Antrim testified that when he came to the store in Durand that morning he was wholly unacquainted with Norton and with every one else in the store; that he asked for Norton, who was pointed out; introduced himself; told Norton Charles' actions had left appellant in bad shape, as it was the firm's largest creditor; that appellant had always helped Blake, Norton & Co. through hard places, and now they owed appellant $9,000; that he believed appellant's collaterals were mostly forgeries; that Blake had just given his individual note for $3,500, which made appellant good for that amount; that appellant depended on the firm to help them out; that he wanted Norton to do for them just what Blake had done; and that he showed Norton the note Blake had signed, and handed Norton another $3,500 note to sign. Antrim testifies Norton then said, "That is a judgment note;" and that he told Norton, "Yes, sir; it is just the kind of a note Mr. Blake signed." A handle is sought to be made of this remark because Blake signed a thirty-day note, and the note so presented for Norton to sign was drawn payable one day after date. But this answer evidently meant, not that every word in each note was the same, but that it was a judgment note such as Blake had signed—that it was the same kind of a note. Antrim testified Norton then signed the note and he came away. Antrim denied that he told Norton the note would not be crowded; denied that he intended to or did deceive Norton, and denied other statements contained in the affidavits presented in support of the motion. There is no reason shown in the proofs why Antrim is not entitled to as much credence as Norton. His account is as probable and reasonable as that given by Norton. There is no preponderance of proof to support the application to vacate the judgment. The contracts of parties can not be set aside upon evidence thus evenly balanced. Besides, Norton was present during most of the interview with Blake the next day, narrated in the statement and opinion in the Blake case, and also when the sheriff came to see about levying the execution, and nothing was said by

Norton indicating any surprise that a judgment by confession had been entered. His conduct was not what it would naturally have been if he had been deceived and supposed he had signed a common note not due for thirty days. Moreover, the firm and its members have no defense to the debt for which this note was given.

For the reasons stated at length in our opinion in the Blake case the order appealed from will be reversed.

FINDING OF FACTS TO BE MADE A PART OF THE JUDGMENT.

We find that the judgment rendered in this cause in favor of the State Bank of Freeport and against Oscar Norton was confessed by due authority for a debt *bona fide* due and is a valid judgment; that the execution by Seymour A. Blake of the note and power of attorney upon which said judgment was confessed was not procured by fraud, concealment, misrepresentation and deceit, as charged, and that none of the allegations of fact made against the validity of said note, power of attorney and judgment are sustained by the proofs.